SARA MUÑOZ SASSOT ET AL., Plaintiffs and Appellants, *v.* HEIRS OF ELISA LÓPEZ DE AZÚA, Defendant and Appellee.

No. 9129. Argued December 14, 1945.—Decided February 21, 1946.

*Ubaldo Aponte* for appellants. *E. Martínez Rivera* and *Luis Blanco Lugo* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Dr. José María Muñoz contracted a second marriage with Doña Elisa López de Azúa and died on September 6, 1941. The legitimate children of the first marriage of Dr. Muñoz, plaintiffs herein, brought an action for completion or increase of the estate against the heirs of Doña Elisa (who died on July 6, 1943), alleging that certain property (to wit, furniture, china and glassware and $2,240.80 in cash), left by the latter at her death, formed part of the conjugal partner-

ship of Dr. Muñoz and his wife, Doña Elisa López de Azúa, which should be added to the partition made by Dr. Muñoz in his will. The lower court dismissed the complaint on the ground that plaintiffs' evidence failed to prove that the property left by doña Elisa, who died two years after her husband Dr. Muñoz, had been acquired during the marriage. The plaintiffs appealed.

Five errors have been assigned. All of them attack the weighing of the evidence as made by the lower court. After carefully reading the transcript of the evidence, we are of the opinion that the lower court did not err in dismissing the complaint.

 Plaintiffs' witnesses did not prove that the personal property found in the house of doña Elisa at the time of her death had been acquired during her marriage to Dr. Muñoz. There was no proof whatsoever as to the time when it was acquired or by whom. Neither was there any evidence as to the origin of the cash money or at what time it could have been obtained by doña Elisa.

It is true that, pursuant to § 1307 of the Civil Code (1930 ed.), "All the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife"; but said Section would be applicable to a state of facts like the one in the case at bar only under the same conditions that it would apply to a case where property existed at the time of the death of one of the spouses, that is, where it is shown that said property was acquired *during the marriage,* inasmuch as, under § 1301 of the Civil Code, to the conjugal partnership belongs—

"1. Property acquired for a valuable consideration during the marriage at the expense of the partnership property, whether the acquisition is made for the partnership or for one of the spouses only.

"2. That obtained by the industry, salaries, or work of the spouses or of either of them.

"3. The fruits, income, or interest collected or accrued during the marriage, coming from the partnership property, or from that which belongs to either one of the spouses."

Plaintiffs' evidence failed to show that the goods and cash left at the death of doña Elisa López de Azúa, two years after her husband's death, were acquired by her under any one of the circumstances specified in § 1301, *supra*.

■ The charge that the trial court acted with passion, prejudice or partiality has not been proved by the appellants. *Velázquez* v. *Heirs of Blanco*, 50 P.R.R. 282; *Colón* v. *Government of the Capital*, 62 P.R.R. 24.

The judgment appealed from must be affirmed.

Mr. Justice Córdova did not participate herein.